**E-FILED on** 10/31/05

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THOMAS FALLON, et al.<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>LOCKE, LIDDELL & SAPP, LLP, et al.,<br><br>　　　　Defendants. | No. C-04-03210 RMW<br><br>ORDER DENYING NON PARTY ERNST & YOUNG LLP'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER DENYING MOTION FOR PROTECTIVE ORDER<br><br>**[Re Docket No. 51]** |

Third party witness Ernst & Young, LLP, ("E&Y") moved for a protective order or to modify the subpoena duces tecum and associated subpoena (collectively "subpoena") issued by plaintiffs Tom Fallon, Robert Puette, Carl Redfield, and Rick Timmins. The motion was heard before Magistrate Judge Seeborg, who denied the motion for a protective order and granted the motion to modify subpoena. E&Y filed the present objection to Judge Seeborg's ruling. The court ordered briefing on the matter, and, after considering the parties' papers, overrules E&Y's objection.

Federal Rule of Civil Procedure 72(a) allows an aggrieved party to file a timely objection to a non-dispositive ruling of a magistrate judge. Such objections, however, may not be sustained unless the magistrate's order is "found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). This highly deferential standard applies to the magistrate's factual determinations and discretionary decisions. *Concrete*

ORDER DENYING NON PARTY ERNST & YOUNG LLP'S OBJECTIONS TO MAGISTRATE JUDGE'S AUGUST 4, 2005 ORDER DENYING MOTION FOR PROTECTIVE ORDER— C-04-03210 RMW

*Pipe & Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 623 (1993) ("[R]eview under the 'clearly erroneous' standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed.") (citation omitted). Under the "clearly erroneous" standard, "the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999). The "contrary to law" standard permits independent review of purely legal determinations by the magistrate judge. *Id.*; *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir.1992) ("The phrase 'contrary to law' indicates plenary review as to matters of law.").

In its objection, E&Y asserts that the Magistrate Judge erred in concluding that a discovery prohibition in Engagement Agreements between plaintiffs and E&Y does not apply to the instant case to which E&Y is not a party. Judge Seeborg considered *In re Daisytek*, 323 B.R. 180 (N.D. Tex. 2005), in which the district court of Northern District of Texas held that the same arbitration clause in another E&Y engagement agreement applied to discovery sought before the initiation of an action against E&Y as a party. While E&Y contends that the principles in *Daisytek* should be applied in this case to cover non-party discovery, Judge Seeborg correctly pointed out that no circuit court has decided on whether such a clause applies to a third-party dispute that is arguably related to the agreement between the parties. He also determined that *Daisytek*, in which the parties to the agreement were parties to the lawsuit, presented the issue in a very different context from that presented here. Judge Seeborg's ruling that the information requested by plaintiffs is permitted by Rule 26 is neither clearly erroneous nor contrary to law. The court overrules E&Y's objection.

In the alternative, E&Y asks that plaintiffs bear the cost of conducting the non-party discovery if is allowed. E&Y submits an affidavit asserting that it would cost an estimated $320,000 to review the estimated 100,000 documents to respond to the subpoena. Flood Aff. in Supp. of Nonparty Objection, at 2. E&Y argues that its status as a third party witness justifies the imposition of discovery cost on plaintiffs. Obj. to Magistrate Judge's Order at 10. Plaintiffs oppose the costs request, arguing that (1) it was not raised and considered by the Magistrate Judge; and (2) E&Y, as one of the world's largest accounting firms with over $10 billion revenue, is better situated to bear the cost than plaintiffs, who have paid E&Y substantial amounts for the CDS which may cost them millions in IRS penalties and fees. Opp'n to E&Y's Objection, at 7. Plaintiffs also question the purported cost of the discovery stating that E&Y has reviewed and produced documents to

1  the IRS and the United States Senate Sub-Committee investigating CDS.  *Id*. at 6.  Alternatively, plaintiffs urge
2  that the decision on costs be deferred pending further hearing.  *Id*. at 7-8.
3     Although E&Y did not clearly raise the issue of allocating the costs of production to plaintiffs, E&Y did
4  strenuously argue before Judge Seeborg that the costs to it of production made production pursuant to the
5  plaintiffs' subpoena unreasonable.  The court finds that E&Y, who is not a party, should not have to bear the
6  reasonable costs of production exceeding $500.00.

### III. ORDER

The court overrules E&Y's objections to Judge Seeborg's order.  E&Y shall make the production required by Judge Seeborg's order.  However, plaintiffs shall bear all reasonable costs of that production exceeding $500.00.

DATED:     10/31/05                    /s/ Ronald M. Whyte
                                       RONALD M. WHYTE
                                       United States District Judge

ORDER DENYING NON PARTY ERNST & YOUNG LLP'S OBJECTIONS TO MAGISTRATE JUDGE'S AUGUST 4, 2005 ORDER DENYING MOTION FOR PROTECTIVE ORDER— C-04-03210 RMW
3

**Notice of this document has been electronically sent to:**

**Counsel for E&Y:**
| | |
|---|---|
| Ashley Marie Bauer | ashley.bauer@lw.com |
| Dana N. Linker | dana.linker@lw.com |
| Randall Thomas Kim | randall.kim@lw.com |

**Counsel for Plaintiff(s):**
| | |
|---|---|
| Anthony B. Gordon | law@anthonybgordon.com |
| David Lefkowitz | dl@wplawgroup.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

Date:     10/31/05                              /s/ MAG
                                                Chambers of Judge Whyte

ORDER DENYING NON PARTY ERNST & YOUNG LLP'S OBJECTIONS TO MAGISTRATE JUDGE'S AUGUST 4, 2005 ORDER DENYING MOTION FOR PROTECTIVE ORDER— C-04-03210 RMW