**E-FILED on**   10/2/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THOMAS FALLON; ALEXANDRE BALKANSKI; ROBERT PUETTE; CARL REDFIELD; RICK TIMMINS; on behalf of each, individually, and on behalf of the general public,<br><br>        Plaintiffs,<br>  v.<br><br>LOCKE, LIDDELL & SAPP, LLP, a Texas limited professional partnership, and DOES 1 through 100,<br><br>        Defendants. | No. C-04-03210 RMW<br><br>ORDER DENYING DEFENDANT'S MOTION TO STAY; DENYING DEFENDANT'S MOTION TO QUASH<br><br>**[Re Docket No. 74, 76]** |

Defendant Locke, Liddell & SAPP, LLP. ("LL&S") moves to stay further proceedings in this case. It also moves to quash the deposition subpoenas for Babs Clay and Brent Clifton, LL&S attorneys whose depositions are currently scheduled for early October, approximately a week after the hearings on the instant motions. Plaintiffs oppose both motions. For the reasons set forth below, the court denies both LL&S's motion to stay and its motion to quash.

## I. BACKGROUND

In 1999, defendant Locke, Liddell & Sapp, LLP ("LL&S"), a Texas law firm, learned that Ernst & Young ("E&Y") was looking for a tax opinion for a new tax strategy called the Contingent Deferred Swap strategy ("CDS strategy") that E&Y had been promoting. The CDS strategy was

1  intended to provide participants with a tax savings by converting ordinary income into capital gains
2  to obtain a one year deferral of taxes. E&Y contacted Brent Clifton, an attorney at LL&S, to obtain
3  his preliminary opinion on whether the International Revenue Service ("IRS") would approve of the
4  CDS strategy. Clifton reported back to E&Y that he could provide a "should" opinion (i.e., that the
5  IRS "should" allow the use of the CDS strategy) to prospective clients. Clifton made evaluations for
6  defendant's customers in the form of opinion letters.

7        Plaintiffs Robert Puette, Alexandre Balkanski, Carl Redfield, Rick Timmins, and Tom Fallon
8  each invested between $6 million and $20 million to acquire a limited partnership interest in the
9  CDS strategy. They entered into contracts with LL&S, whereby LL&S was to provide plaintiffs
10 with an opinion letter regarding E&Y's CDS strategy. The opinion letters allegedly provided a
11 detailed explanation of tax shelters and distinctions between lawful tax avoidance and unlawful tax
12 evasion. The letters claimed to rely on "substantial authority" for this opinion but failed to mention
13 adverse tax law about which defendant allegedly was aware.

14       On May 28, 2002, the IRS issued a notice declaring that the CDS strategy was "not
15 allowable," advising individuals who had used this strategy to file amended returns. On June 15,
16 2004, plaintiffs filed a complaint against LL&S alleging breach of contract, breach of fiduciary duty,
17 professional negligence, negligent misrepresentation, intentional misrepresentation, and unfair
18 business practices under California Business and Professions Code section 17200. Compl. ¶¶ 29,
19 32-37, 41-43, 46-48, 51-56. E&Y is not named as a defendant by the plaintiffs in the instant action,
20 nor has LL&S asserted any cross-claims against E&Y for indemnity or contribution.

21       In January 2007, plaintiffs sued E&Y in Santa Clara Superior Court, Case No. 107-CV-
22 079123 alleging breach of contract, breach of fiduciary duty, professional negligence, negligent
23 misrepresentation, and intentional misrepresentation. Decl. of James A. Murphy ("Murphy Decl."),
24 Ex. B, Santa Clara Superior Court Complaint. Plaintiffs' state court complaint alleges the E&Y
25 collaborated with LL&S to market the CDS strategy. *Id.* On July 2, 2007, Superior Court Judge
26 Jack Komar ordered plaintiffs to arbitrate their dispute with E&Y pursuant the dispute resolution
27 procedures set forth in each plaintiff's engagement letter with E&Y, setting a status conference for
28 January 11, 2008. *Id.*, Ex. D. LL&S asserts that the E&Y arbitration procedures do not permit the

ORDER DENYING DEFENDANT'S MOTION TO STAY; DENYING DEFENDANT'S MOTION TO QUASH—No. C-04-03210 RMW
MAG                                                2

parties to take discovery without approval of the arbitrator, which has not been given. The date for the arbitration between plaintiffs and E&Y has not been set.

## II. ANALYSIS

### A.  Motion to Stay

Defendant moves to stay these proceedings pending completion of arbitration between plaintiff's and E&Y.[1] "A district court has discretionary power to stay proceedings in its own court under *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). The Ninth Circuit has held that:

> [a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.

*Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) *cert. denied*, 444 U.S. 827 (1979). But, the Ninth Circuit has also recently cautioned, "while it is the prerogative of the district court to manage its workload, case management standing alone is not necessarily a sufficient ground to stay proceedings." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, ___ F.3d ___, 2007 WL 2379611 at *4 (9th Cir. 2007) (citing *Lockyer*, 398 F.3d at 1102).

As the moving party, LL&S has the burden of proving that a stay is necessary. *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio*, 565 F.2d 393, 396 (9th Cir. 1977). LL&S contends that the pending arbitration will resolve questions of law and fact that are identical to those present in the instant matter. In support of its position, LL&S notes that plaintiffs have asserted all the same causes of action (except one for violation of California's unfair competition law) against both E&Y in state court and LL&S in federal court. It asserts that plaintiffs claim the same penalties, interest and taxes as damages against both E&Y in the state court action and LL&S in the federal action (admitting that damages related to fees charged by each defendant are not identical). LL&S also points out that plaintiffs have represented to the state court in opposition to E&Y's motion to compel arbitration that the issues in the litigation against E&Y arise from the same facts and circumstances as the litigation

---

[1] As is discussed in further detail below, LL&S previously moved to stay this action in June 2005. The court denied the motion by order dated July 11, 2005.

before this court and that two actions involve "common issues of law or fact." *See* Murphy Decl., Ex C, Plaintiff's Opp'n to Mot to Compel Arbitration and Stay Proceedings (Santa Clara Superior Court).

Plaintiffs acknowledge that the two suits arise out of the same events, but assert that the claims asserted against the defendants in the respective complaints are based on different theories. For example, plaintiffs point out that the breach of contract claims are based on different contracts; the breach of fiduciary duty claims are based on different relationships; and the professional negligence claims are based on different standards. Plaintiffs also assert that the damages that are available from E&Y differ from the damages sought here in part because the E&Y arbitration agreement limits recovery to fees paid to E&Y and prohibits plaintiffs from recovering punitive damages. Plaintiffs also contend that it is inappropriate to stay proceedings in this case because LL&S is not a party to the E&Y arbitration agreement.

The court is permitted to stay proceedings to await the outcome of independent proceedings such as the E&Y arbitration. "Even if the other proceedings do not control the outcome in the action before the court, a stay may be appropriate." *Agcaoili v. Gustafson*, 844 F.2d 620, 624 (9th Cir. 1988). Finding that only one of two causes of action in the same case were subject to arbitration, the Ninth Circuit noted in *Leyva v. Certified Grocers of California* that the resolution of one count in arbitration had the potential to advance significantly the resolution of the other count. *Levya*, 593 F.2d at 863. The Ninth Circuit remanded to the district court to consider the application of a stay, with a caution that the district court must consider timing: "A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Id.* at 864.

**1.    Prior Stay Ruling**

As set forth above, LL&S previously requested a stay of proceedings in this action on the basis that the IRS had not yet assessed tax liability against plaintiffs. LL&S sought to stay the action pending such assessment, contending that the IRS's decision could entirely eliminate plaintiffs' damages. In its order addressing LL&S's previous request, the court assessed the competing interests affected by granting or refusal to grant a stay. Specifically, the court discussed interest of justice and benefits to the court, the prejudice to the plaintiff of granting the stay, and the prejudice to the defendant that would

be caused by not granting the stay. *See* Order Denying Without Prejudice Stay of Proceedings (Docket No. 48) (citing *Cmax, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)); *see also Lockyer*, 398 F.3d at 1110. Plaintiffs assert that the court's analysis of these factors should remain unchanged; LL&S, on the other hand, contends that circumstances have changed and the court's assessment of these factors should likewise change. The court agrees that the progression of this case since the court ruled on LL&S's previous motion to stay in July 2005 and the filing of the case against E&Y have changed the landscape and, accordingly, turns again to weighing the merits of a stay of this action.

### 2. Balancing Test

#### a. Interests of Justice

In determining whether to issue a stay, the court may consider the "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Cmax*, 300 F.2d at 268; *Lockyer*, 398 F.3d at 1110. LL&S asserts that the court should stay the present action pending the completion of the arbitration between plaintiffs and E&Y because the completion of that arbitration will greatly simplify the legal and factual issues in this action. In addition to pointing out, as set forth above, that the legal issues and damages are different in each case, plaintiffs contend that the completion of arbitration will not simply anything. They assert (1) the arbitration agreement includes a confidentiality provision which E&Y would assert to prevent revelation of any arbitration outcome and (2) the arbitration proceedings would have no collateral estoppel effect on this action.

The court need not speculate on the outcome of arbitration or resolve the question of collateral estoppel in order to determine whether a stay is appropriate. The Ninth Circuit has recently made it clear that the court's inquiry should also be informed by consideration of whether the arbitration with E&Y will be concluded within "a reasonable time in relation to the urgency of the claims presented to the court." *Levya*, 593 F.2d at 864; *see also Dependable Highway*, ___ F.3d at ___, 2007 WL 2379611 at *5 (reversing grant of stay in part because "nearly two years that have passed since the order issued, and we have received no indication that any arbitration proceedings have commenced"). Thus, even assuming the court were inclined to view the circumstances of this case sufficiently changed from its last order based on plaintiffs' suit against E&Y, it would nevertheless decline to stay the action because

there is no indication when the arbitration between plaintiffs and E&Y will conclude or, for that matter, commence. This case has been pending since August 2004 – it needs to move forward.

### b.   Prejudice to Plaintiffs

The court must consider the "possible damage which may result from the granting of a stay." *Cmax*, 300 F.2d at 268; *Lockyer*, 398 F.3d at 1110. Plaintiffs do not argue that anyone other than themselves will be harmed by a stay in this matter. Plaintiffs' main argument is that discovery is nearly complete in this case and that it has been a long, hard-fought battle to obtain discovery from both LL&S and E&Y in conjunction with this suit. They contend that it is unfair to put this case on hold in favor of an arbitration that has not commenced and, therefore, has no predictable conclusion. The court agrees.

### c.   Prejudice to Defendant

The court also considers "the hardship or inequity which a party may suffer in being required to go forward" absent the grant of a stay. *Cmax,* 300 F.2d at 268; *Lockyer*, 398 F.3d at 1110. Here, LL&S contends, as before, that it is overly burdensome for them to be subjected to discovery, particularly in light of the prohibition of discovery in the arbitration procedures in the agreement between plaintiffs and E&Y. The question of whether the discovery prohibition impacts plaintiffs' ability to take discovery has arisen three times prior to this motion: (1) LL&S's motion to quash heard by the magistrate judge in this matter; (2) LL&S's objection to the magistrate judge's order denying that motion to quash, which objection this court overruled; and (3) in a motion brought by E&Y in the Southern District of New York to quash deposition subpoenas to certain E&Y partners. Each court has rejected the argument that the E&Y arbitration agreement precludes discovery in this case. The court sees no reason to revisit that decision for purposes of this motion, particularly in light of the fact that arbitration has not been commenced.

LL&S also contends that permitting this action and the arbitration with E&Y to move forward at the same time will permit plaintiffs to recover twice for the same damages. The court finds this argument to be unpersuasive. First, it appears that the arbitration agreement limits damages against E&Y to fees paid to E&Y and precludes the recovery of punitive damages, making the possibility of

1  duplicate damages remote. Second, assuming that the instant case proceeds in advance of the
2  arbitration, any arbitrator could be informed of the damages that may have been awarded in this court.
3  **B.  Motion to Quash**
4  In conjunction with its motion to stay proceedings pending completion of arbitration between
5  plaintiffs and E&Y, LL&S filed a motion to quash the deposition subpoenas of two LL&S attorneys,
6  Babs Clay and Brent Clifton. LL&S's main argument is that the subpoenas should be quashed if the
7  court decides to grant its motion to stay. Assuming that the depositions are to go forward, it also cites
8  availability problems, stating that lead trial counsel for LL&S are in trial beginning September 25, 2007
9  and that witness Clifton has relocated to France and is not available for deposition in October 2007. As
10 the court has denied LL&S's motion to stay, it likewise denies its motion to quash. Because it appears
11 that LL&S's counsel and witnesses have legitimate scheduling concerns regarding the depositions of
12 Ms. Clay and Mr. Clifton, the currently-noticed dates for those depositions shall be continued. The
13 parties shall meet and confer in good faith to determine dates acceptable to the deponents and counsel
14 for the depositions of Ms. Clay and Mr. Clifton.

### III.  ORDER

16 For the foregoing reasons, the court denies without prejudice defendant's motion to stay
17 further proceedings in this action and denies defendant's motion to quash the deposition subpoenas
18 of Babs Clay and Brent Clifton.

DATED:     10/1/07

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Anthony B. Gordon         law@anthonybgordon.com
David Lefkowitz           dl@wplawgroup.com

**Counsel for Defendants:**

James Anthony Murphy      jmurphy@mpbf.com
Harlan B. Watkins         hwatkins@mpbf.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**     10/2/07                              /s/ MAG
                                              **Chambers of Judge Whyte**