**E-FILED on**   01/23/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THOMAS FALLON, an Individual, ROBERT PUETTE, an Individual, CARL REDFIELD, an Individual, RICK TIMMINS, an Individual, on behalf of each, individually, and on behalf of the general public,<br><br>        Plaintiffs,<br>  v.<br><br>LOCKE, LIDDELL & SAPP, LLP, a Texas limited professional partnership, and DOES 1 through 100,<br><br>        Defendants. | Case No. C-04-03210 RMW<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO EXTEND DISCOVERY DEADLINE AND ORDER ON DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION<br><br>**[Re Docket Nos. 122, 127]** |

      Plaintiffs move to extend the discovery cutoff from August 29, 2008 to February 27, 2009, arguing that late-produced documents necessitate further discovery. Defendant Locke, Liddell & Sapp, LLP ("Locke") opposes the motion. For the reasons stated below, the court grants the motion with limitations.

      The court has not ruled on defendant's motion for leave to file a motion for reconsideration of the court's order dated September 1, 2008 denying defendant's motion for summary judgment. The court denies the motion without prejudice but sets a briefing schedule to enable the parties and

the court to potentially resolve, or at least narrow, the issues pertaining to the types and computation of recoverable damages and any off-sets to damages.

## I.   MOTION TO EXTEND DISCOVERY CUTOFF

### A.   Background

The facts of this case are set forth in this court's recent summary judgment order. *See Fallon v. Locke, Liddell & Sapp, LLP,* 2008 WL 4079207, *1 (N.D.Cal. 2008). Briefly, plaintiffs bring suit against Locke for breach of contract, breach of fiduciary duty, professional negligence, and other claims for tax opinions Locke issued with respect to a tax shelter investment referred to as the "Contingent Deferred Swap strategy" ("CDS strategy"). *Id.* The case focuses on the allegedly improper tax advice given by Locke to plaintiffs concerning the CDS strategy including fraudulent "should" opinion letters (IRS "should" allow the tax strategy). Defendant further is alleged to have hidden from plaintiffs its close relationship with Ernst & Young, the creators of the strategy.

Plaintiffs here seek to modify this court's March 5, 2008 Case Management Scheduling Order, which set the discovery-completion deadline for August 29, 2008 and the trial date for November 10, 2008.

### B.   Analysis and Orders

#### 1.   Modification of the Scheduling Order

In order to modify a scheduling order, the moving party must show that good cause exists for the requested modification. Fed. R. Civ. P. 16(b)(4). The inquiry into whether good cause exists focuses primarily on the diligence of the moving party. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Good cause exists if the scheduling order "cannot reasonably be met despite the diligence of the party seeking the extension." *Id.*

Plaintiff seek to extend the discovery deadline to February 27, 2009 so they can take three additional depositions, of Khalid Malik ("Malik"), Grady Dickens ("Dickens"), and a 30(b)(6) witness. Pls. Mot. for Order Extending Discovery 6-7. These depositions, plaintiffs claim, are necessary because of documents produced by Locke on October 8, 2008. *Id.* Those documents included a tax-shelter opinion, faxed to Locke on June 15, 1999, from Scheef & Stone. That opinion mirrors a draft opinion by Pillsbury Madison & Sutro that was previously produced in this case by

1  Dickens. *Id.* at 3. The production also included a 1999 Locke internal memorandum, written by
2  Malik, that takes a position contrary to that in the opinion Locke issued to plaintiffs. *Id.*
3    With respect to the first document, when deposed on October 10, 2008, Brent Clifton
4  ("Clifton"), a tax partner at Locke, stated that he thought he first saw the Scheef opinion as a result
5  of discovery in this case. Decl. of Phillip Gregory ISO Pls.' Mot. for Extension of Time Ex. E,
6  Clifton Dep. 436:21-22. Given the similarities between the Scheef opinion, the Pillsbury opinion,
7  and the final CDS opinion, plaintiffs seek to depose Dickens to clarify or rebut Clifton's testimony.
8  Pls. Mot. for Order Extending Discovery 3.
9    The second document that plaintiffs claim warrants further discovery is the memo from
10 Malik to Clifton prepared around June 1999 which concluded that "...the likelihood of CDS
11 sustaining an IRS attack is very small." Pls. Mot. for Order Extending Discovery 4. Clifton testified
12 during his deposition that he did not recall ever seeing Malik's memo. Gregory Decl. Ex. E, Clifton
13 Dep. 476:22. Plaintiffs therefore seek to depose Malik also to clarify or rebut Clifton's testimony
14 regarding his memo.
15   Finally, plaintiffs seek to depose a 30(b)(6) witness regarding other documents produced on
16 October 8, including a redlined document described as "a discussion of the risks associated with
17 CDS," to confirm or rebut Clifton's testimony regarding them. Pls. Mot. for Order Extending
18 Discovery 4.
19   Defendant argues that plaintiffs have failed to show good cause for their proposed
20 scheduling-order modification for three reasons: 1) plaintiffs have not been diligent in seeking the
21 proposed depositions; 2) the issue of Mr. Malik's deposition was resolved through meet-and-confer
22 efforts; and 3) allowing the proposed depositions would exceed the court-imposed ten-deposition
23 limit. Def.'s Memo ISO Opp. 2. As explained below, despite these objections, the court finds that
24 good cause exists for modifying the scheduling order.
25   Defendant first contends that plaintiffs have known of Malik and Dickens for approximately
26 three years but only now seek their depositions. *Id.* at 2. In particular, defendant points out that
27 plaintiffs have had Malik's time records and have thus been aware of his involvement with CDS. *Id.*
28

ORDER GRANTING PLAINTIFFS' MOTION TO EXTEND DISCOVERY DEADLINE AND ORDER ON DEFENDANT'S MOTION
FOR LEAVE TO FILE MOTION FOR RECONSIDERATION—C-04-03210
JAS                    3

1  This argument misunderstands plaintiffs' justification for seeking Malik's deposition. It is not
2  Malik's existence, or that he worked on the case, but the fact that his memorandum came to a
3  different conclusion from the one Locke ultimately issued that necessitates further discovery.
4       Next, defendant argues that plaintiffs agreed not to depose Malik if Locke would stipulate to
5  admit his memo at trial, and submits supporting correspondence between counsel. The letters
6  exchanged are carefully worded but at least imply that plaintiffs would not seek Malik's deposition if
7  defendant would stipulate to the admissibility of Malik's memo. The court is troubled by now
8  allowing even a short deposition of Malik but will nevertheless do so to insure full disclosure of the
9  relevant facts.
10      Locke finally argues that allowing three additional depositions would exceed the number
11 permitted under this court's December 2004 case management order. In order to take more than ten
12 depositions without consent of the other side, a party must satisfy the requirements of Rule 26(b)(2).
13 Adv. Comm. Notes on 1993 Amendments to Fed. R. Civ. P. 30(a)(2). Locke contends that plaintiffs
14 have not satisfied Rule 26(b)(2)'s requirements that discovery not be unreasonably cumulative or
15 duplicative, that the seeking party not have had ample opportunity to obtain the discovery, and that
16 the discovery's benefit outweighs its burden. Def.'s Memo ISO Opp. 2. The court concludes
17 otherwise. Malik and Dickens are uniquely qualified to clarify what plaintiffs reasonably see as
18 conflicts between deposition testimony and produced documents. And the instant motion is the first
19 opportunity to seek discovery, since the documents upon which plaintiffs request is based were
20 produced on October 8. The court thus finds that plaintiffs' request for three additional depositions
21 satisfies the requirements of Rule 26. However, given what plaintiffs say they seek, the depositions
22 should not take more than two hours each. Rather than set a per deposition time limit, the court, to
23 give plaintiffs some flexibility, limits the total time for the three depositions to no more than one day
24 (seven hours) and orders that they take place at a reasonable location chosen by defendant.

### 2. Unsealing of Exhibits

26      Plaintiffs' motion for an extension of time was accompanied by the supporting declaration of
27 Phillip L. Gregory, which included three exhibits filed under seal. *See* Gregory Decl. Ex. D, H, K.
28

1  In his declaration in support of Locke's opposition motion, defendant's counsel Harlan Watkins

2  withdrew Locke's designation of confidentiality as to Exhibits D and K, but retained it as to Exhibit

3  H because "the document potentially reflects or refers to communications about CDS to LL&S

4  clients that were intended to remain confidential." Watkins Decl. ¶ 7. Exhibits D and K shall

5  therefore be unsealed and made part of the public record.

6        Plaintiffs argue in their reply that Exhibit H should also be made public because: 1)

7  defendant failed to file a declaration establishing that the documents are sealable as required by

8  Local Rule 79-5(d); and 2) the declaration of Harlan Watkins does not overcome the presumption of

9  public access as recognized by the Ninth Circuit.

10        Local Rule 79-5(d) provides for the filing of a document designated as confidential by

11  another party. Here plaintiffs filed documents designated confidential by Locke, and the rule

12  requires that "[w]ithin five days [after the filing], the designating party must file with the Court and

13  serve a declaration establishing that the designated information is sealable, and must lodge and serve

14  a narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality. If

15  the designating party does not file its responsive declaration as required by this subsection, the

16  document or proposed filing will be made part of the public record." Civ. L.R. 79-5(d). Defendant

17  has filed no such declaration or proposed sealing order, making mention of the sealed documents

18  only in their declaration in support of the reply. Watkins Decl. ¶ 7. That declaration states only that

19  the document potentially includes confidential communications. *Id.* In order to overcome the

20  presumption in favor of disclosure and permit a sealed filing, "the district court must base its

21  decision on a compelling reason and articulate the factual basis for its ruling, without relying on

22  hypothesis or conjecture." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir.

23  2003). The court cannot make such a ruling based solely on Locke's assertion that the material in

24  Exhibit H is potentially confidential. Exhibit H shall therefore also become part of this case's public

25  record.

26        **II.  MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

27  **A.  Background**

28

ORDER GRANTING PLAINTIFFS' MOTION TO EXTEND DISCOVERY DEADLINE AND ORDER ON DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION—C-04-03210
JAS      5

Defendant seeks leave to file a motion for reconsideration of this court's order filed September 1, 2008 denying it summary judgment. Defendant sought summary judgment on the issue of damages, arguing that investment gains and tax benefits exceeded any injury. The court denied summary judgment, finding that, because plaintiffs' claims arise out of alleged failures in tax advice, investment gains should not properly offset damages. In their motion for leave to reconsider that decision, defendant argues that the court failed to consider that plaintiffs' damages should be offset by retained tax benefits. So offset, defendant contends, plaintiffs' potential damages (IRS penalties, remedial fees, and professional fees) are less than the tax benefits they received in their IRS settlements. Defendant contends that the court did not expressly address this argument in its order denying summary judgment.

**B    Analysis and Order**

Defendant is correct that the court failed to address its argument that the plaintiffs suffered no loss. The argument has some apparent logic to it. However, rather than allow a motion for reconsideration, the court believes that the legal viability of plaintiffs' damages theory should be examined before trial to avoid unanticipated arguments on what can constitute recoverable damages if plaintiffs are successful on their liability theory. This can be better accomplished by the following procedure than by reconsidering defendant's summary judgment motion which may not fully address plaintiffs' damages theories. The motion for reconsideration is denied without prejudice. However, on or before February 20, 2009 each plaintiff is to file a detailed itemization of the damages he seeks which clearly shows how the damages are computed. By March 6, 2009, defendant is to submit a brief explaining why any component of claimed damages is not recoverable and explaining the amount of and the method of computation of any claimed off-set. Plaintiffs may respond by March 13, 2009. The court will then consider the papers filed and advise the parties on what action it is going to take, if any, prior to the date *in limine* motions are due.

DATED:    01/23/09

RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff(s):**
Anthony B. Gordon      law@anthonybgordon.com
David Lefkowitz        dl@wplawgroup.com
Nancy L. Fineman       nfineman@cpmlegal.com
Joseph W. Cotchett     jcotchett@cpmlegal.com
Philip L. Gregory      pgregory@cpmlegal.com

**Counsel for Defendant(s):**
James A. Murphy        jmurphy@mpbf.com
Erik Peter Weiss       eweiss@mpbf.com
Harlan B. Watkins      hwatkins@mpbf.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**        1/23/09                             JAS
                                                **Chambers of Judge Whyte**